KEN M. MARKOWITZ (SBN 104674)
KIMBERLY I. McINTYRE (SBN 184648)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA 94111
Telephone: (415) 397-3100
Facsimile: (415) 397-3170
skenney@kennmark.com
kmcintyre@kennmark.com

Attorneys for Defendant
NORTHWEST AIRLINES, INC., Erroneously Sued
And Served As NORTHWEST AIRLINES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION – **ECF PROGRAM**

| | |
|---|---|
| JULIUS OBIDAH,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST AIRLINES, KLM ROYAL DUTCH AIRLINES and DOES I To X,<br><br>Defendants. | NO. C05-01849 MEJ<br><br>**Before Magistrate Judge Maria-Elena James**<br><br>**STATUS UPDATE OF DEFENDANT NORTHWEST AIRLINES, INC.**<br><br>ORDER DISMISSING CASE |

Defendant Northwest Airlines, Inc., erroneously sued and served as Northwest Airlines ("Northwest"), submits this status update in response to this Court's Order dated October 30, 2008 requesting same. In preparing this statement, counsel for Northwest attempted to contact plaintiff *pro se* Julius Obidah ("plaintiff"), but his contact information was no longer valid. Online research conducted through Westlaw's People Finder subsequently confirmed that plaintiff passed away on August 21, 2005, at the age of 40. As such, Northwest submits this status update on its on behalf.

## I. INTRODUCTION

Plaintiff's claim is discharged due to the statutory discharge of claims afforded to

Northwest consistent with its chapter 11 plan of reorganization, the order confirming such plan and the applicable provisions of title 11 of the United States Code (the "Bankruptcy Code").[1] This Court therefore has no jurisdiction over plaintiff's claims, nor does plaintiff (or plaintiff's estate) have any legal basis for pursuing them.

Plaintiff's claims against Northwest arose before Northwest filed for bankruptcy protection. Plaintiff's claims were discharged upon confirmation of the Debtor's Plan. The bankruptcy discharge afforded to Northwest is a complete defense and bar to plaintiff's action. Continuation of this action would violate the discharge and injunction protections afforded to Northwest pursuant to both the Bankruptcy Code and the confirmed Plan. Accordingly, Northwest respectfully requests that this action be dismissed with prejudice.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Claims

This lawsuit arises out of allegations that plaintiff's luggage was lost as he traveled from Lagos, Nigeria to San Francisco, California on July 28 and 29, 2002. Plaintiff filed his complaint in the Alameda County Superior Court on July 28, 2004. Northwest answered and subsequently removed the action to this Court on May 5, 2005.

### B. Northwest's Bankruptcy Proceedings

On September 14, 2005 (the "Petition Date"), Northwest and certain of its affiliated entities (collectively, the "Debtors"), as debtors and debtors in possession, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 05-17930 (ALG).

On the Petition Date, plaintiff was automatically stayed pursuant to section 362(a) of the Bankruptcy Code from seeking to collect, assess, or recover damages from the Debtors. Consistent with section 362 of the Bankruptcy Code, after the Petition Date the "continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of [a bankruptcy case]" is a violation of the

[1] Northwest has not attached any of the relevant bankruptcy documents to this statement, as they are quite voluminous. In the event the Court desires and requests such documents, Northwest will provide them under separate cover.

automatic stay. 11 U.S.C. § 362. Northwest filed a Notice of Bankruptcy in this action on September 20, 2005, and it served same on plaintiff the following day. Northwest identified plaintiff as a creditor holding a contingent, unliquidated, disputed claim on Schedule F – Creditors Holding Unsecured Nonpriority Claims of the bankruptcy petition.

On May 19, 2006, the Bankruptcy Court entered the Order Fixing Bar Date for Filing Proofs of Claim, Approving Proposed Proof of Claim Form, Approving Proposed Bar Date Notice and Approving Proposed Notice and Publication Procedures (as amended by order dated May 22, 2006, and supplemented by orders dated June 19, 2006 and August 31, 2006, the "Bar Date Order"). The Bar Date Order established August 16, 2006 as the last day to file proofs of claim in the Debtors' bankruptcy cases.

The Bar Date Order provides that creditors who failed to file proofs of claim by the Bar Date are forever barred from asserting such claims against the Debtors. In pertinent part, the Bar Date Order ordered that:

> any holder of a claim against the Debtors who is required, but fails, to file a proof of claim for such claim in accordance with this Order on or before the Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim . . . . [Bar Date Order at 8.]

On May 22, 2006, the Debtors served the Notice of Bar Date Requiring Filing of Proofs of Claim (the "Notice of Bar Date") on the following parties: (i) all known creditors of the Debtors, (ii) all parties listed on the Debtors' Schedules of Assets and Liabilities, and (iii) all parties listed on the Master Service List established by this Court's Order Granting Notice Procedures and to Establish a Master Service List, dated September 15, 2005. Thereafter, the Debtors caused the Notice of Bar Date to be published in The New York Times, The Wall Street Journal, USA Today, Detroit News and Free Press, Minneapolis Star Tribune, Memphis Commercial Appeal, DeTelegraaf (English & Dutch), Financial Times, International Herald Tribune, Ashai Shimbun (Japanese), and Ashai Shimbun (July 3, 2006) (English).

Notwithstanding the requirements of the Bar Date Order, plaintiff did not file a proof of claim in the Debtors' bankruptcy cases.

**C. The Plan And The Disclosure Statement**

By order dated February 15, 2007, the Bankruptcy Court scheduled (i) the hearing (the "Disclosure Statement Hearing") on the Debtors' proposed disclosure statement (the "Disclosure Statement") with respect to the Debtors' First Amended Joint and Consolidated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan") and (ii) the hearing on confirmation of the Debtors' Plan (the "Confirmation Hearing") and approved notice procedures for such hearings.

The Debtors caused the Disclosure Statement and Confirmation Hearing Notice to be served upon known creditors and to be published in The Wall Street Journal (National Edition), The New York Times, and USA Today on or before April 6, 2007. The Debtors also published the Disclosure Statement and Confirmation Hearing Notice electronically on their website at http://www.nwa-restructuring.com/.

**D. The Confirmation Order**

The Confirmation Hearing took place from May 16, 2007 through May 18, 2007. On May 18, 2007, the Bankruptcy Court entered an order [Docket No. 6944] (the "Confirmation Order") confirming the Plan. Thereafter, on May 31, 2007, the effective date of the Plan occurred (the "Effective Date").

The Plan is binding on all creditors holding claims against the Debtors. In pertinent part, Section 11.2 of the Plan provides:

> Except as otherwise provided herein or in the Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made hereunder shall be in complete satisfaction of and shall discharge and terminate all Equity Interests in NWA Corp and **all existing debts and Claims, of any kind, nature or description whatsoever against or in the Debtors** or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan, on the Effective Date, all existing Equity Interests in NWA Corp. and Claims against the Debtors, including intercompany claims, shall be, and shall be deemed to be, satisfied, discharged and terminated, and **all holders of** Equity Interests in NWA Corp. and **Claims against any of the Debtors shall be precluded and enjoined from asserting against the Reorganized Debtors, or any of their assets or properties,** any other or further Equity Interest in NWA Corp. or **Claim against any of the Debtors based upon any act or omission, transaction or**

Kenney & Markowitz L.L.P.

> **other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim or proof of equity interest.** [Plan, Section 11.2 at 40 (Emphasis added).]

The Confirmation Order permanently enjoins and forbids the pursuit of discharged claims. In relevant part, the Confirmation Order states that:

> Pursuant to Section 11.2 of the Plan, except as provided in the Plan, on the Effective Date, all existing Equity Interests in NWA Corp. and Claims against the Debtors, including Intercompany Claims, shall be, and shall be deemed to be, satisfied, discharged and terminated, and all holders of Equity Interests in NWA Corp. and Claims against any of the Debtors shall be precluded and enjoined from asserting against the Reorganized Debtors, or any of their assets or properties, any other or further Equity Interest in NWA Corp. or Claim against any of the Debtors based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of claim or proof of equity interest. [Confirmation Order at 30.]

## III. THIS CASE SHOULD BE DISMISSED WITH PREJUDICE

This action is based upon a claim against Northwest arising prior to the Petition Date. Consistent with the provisions of the Bankruptcy Code and the Confirmation Order, claims against Northwest arising prior to the Petition Date are discharged and creditors are enjoined from pursuing such claims. Accordingly, this action should be dismissed with prejudice because the claims asserted herein are discharged, and plaintiff (or plaintiff's estate) is enjoined from further pursuing them.

As is provided in section 1141(d)(1) of the Bankruptcy Code, confirmation of the Plan discharged all pre-confirmation claims against Northwest, regardless of whether the creditor filed a proof of claim. Specifically, section 1141(d)(1) of the Bankruptcy Code provides:

> (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan --
>
> (A) discharges the debtor from any debt that arose before the date of such confirmation, … whether or not –
>
> (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title . . . .

A debtor's discharge is the cornerstone of federal bankruptcy law and "the embodiment of

the [Bankruptcy] Code's fresh start concept." *Manzanares v. State Farm Fire and Cas. Co. (In re Manzanares)*, 345 B.R. 773, 781 (Bankr. S.D. Fla. 2006) (citations omitted). As recently articulated by the Supreme Court, the protection afforded by the ultimate discharge is a critical feature of every bankruptcy proceeding. *Cent. Va. Cmty. College v. Katz*, 546 U.S. 356, 364 (2006). This discharge provides a debtor with a fresh start by releasing it from liability for old debts. *Id; see also Schneiderman v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 107 (2d Cir. 2002) ("Congress made it a central purpose of the bankruptcy code to give debtors a fresh start in life and a clear field for future effort unburdened by the existence of old debts."). As such, a discharge precludes the continuation of actions against the debtor as to discharged debts. *Blackmon v. Crile*, 2007 U.S. Dist. LEXIS 3449 (D. Kan. Jan. 12, 2007); *see also Kuhl v. United States*, 467 F.3d 145, 147 (2d Cir. 2006) ("A discharge in bankruptcy operates as an injunction against collection of any discharged debts.").

Further, pursuant to section 101(12) of the Bankruptcy Code a "debt" is defined as "liability on a claim." *FCC v. NextWave Pers. Communs. Inc.*, 537 U.S. 293, 302-303 (U.S. 2003). A "claim" is defined as a right to payment. 11 U.S.C. § 101(5). The definition of the word "claim" was broadly drafted so as to ensure resolution of the full range of the debtor's obligations. *In re El Paso Refinery, L.P.,* 220 B.R. 37 (Bankr. D. Tex. 1998). Notably, this "definition is broad enough to include an obligation from a civil action." *Garland*, 2007 U.S. Dist. LEXIS 18152 at *19; *see also Cross v. K.B. Toys*, 2006 U.S. Dist. LEXIS 59451 *5 (N.D. Ill. Aug. 22, 2006). Accordingly, it is clear that any alleged obligations with respect to this action fall within the ambit of claims subject to the discharge in the Debtors' chapter 11 cases.

The foregoing is true even though plaintiff did not file a claim in the Debtors' bankruptcy cases. Indeed, as stated above, pursuant to section 1141(d)(1)(A)(i), a debtor's discharge in bankruptcy is effective against a claim whether or not proof of such claim is filed. *See* S. Rep. No. 95-989, 95th 129 (1978). Rather, the determinative question is whether or not the claim arose before confirmation of the debtor's chapter 11 plan. *See In re US Airways, Inc.*, 2005 Bankr. LEXIS 2696, 8-9 (Bankr. E.D. Va. Nov. 21, 2005); *In re Greater Jacksonville Transp. Co.*, 172 B.R. 376, 380 (Bankr. M.D. Fla. Aug. 24, 1994); *Cross v. K.B. Toys*, 2006 U.S. Dist. LEXIS

59451 at *6. The alleged claims asserted in this action are claims subject to the bankruptcy discharge because these claims stem from certain alleged pre-petition conduct of the Debtors.

Furthermore, the Supreme Court has stated that not only does the bankruptcy discharge release a debtor from personal liability with respect to any discharged debt by voiding any past or future judgments on the debt, but that it also operates as an injunction which prohibits creditors from attempting to collect or to recover the debt. *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004). Specifically, section 524(a) of the Bankruptcy Code sets forth this statutory effect of a debtor's discharge in bankruptcy, establishing a permanent injunction against the commencement or continuation of any action to recover discharged claims, as follows:

> (a) A discharge in a case under this title --
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . . [11 U.S.C. § 524(a)(2).]

Thus, with exceptions not relevant here, plaintiff (or his estate) cannot continue this action since it is based upon an alleged claim that arose prior to the Petition Date and, as such, was discharged upon Plan confirmation. *See Garland*, 2007 U.S. Dist. LEXIS 18152 at *23 (granting defendant's motion to dismiss and stating that any claims plaintiff had or may have had that arose before the bar date were discharged upon plan confirmation and therefore could not be the subject of any litigation); *McSherry v. TWA*, 81 F.3d 739, 740 (8th Cir. 1996) (United States Court of Appeals for the Eighth Circuit affirmed district court's dismissal of action filed post-confirmation on the basis that plaintiff's claim was discharged in the debtor's bankruptcy because it arose before confirmation of the plan and plaintiff never timely filed a proof of claim); *Kresmery v. Service Am. Corp*., 227 B.R. 10 (D. Conn. 1998) (employer's motion for summary judgment on former employee's claim of employment discrimination granted on the basis that the former employer's plan of reorganization was confirmed pursuant to which all debts incurred pre-confirmation were discharged); *In re Production Plating, Inc*., 90 B.R. 277, 285 (Bankr. D. Mich. 1988) (since the claims that were the basis of plaintiff's litigation existed as pre-petition claims and were not filed and allowed with the bankruptcy court, they were barred by the confirmation

Case 3:05-cv-01849-MEJ Document 10 Filed 11/18/2008 Page 8 of 10

order and plaintiff was ordered to dismiss the debtor from the litigation).

**IV. CONCLUSION**

All of the claims asserted by plaintiff against Northwest in this action are barred, discharged and enjoined based upon the Confirmation Order, Section 11.2 of the Plan and the injunction provisions set forth in sections 1141(d) and 524(a) of the Bankruptcy Code. Any judgments rendered on claims that have been discharged pursuant to the Debtors' chapter 11 cases will be void. Moreover, pursuant to the injunctions in place permanently barring the continuation of any lawsuit or other proceeding against the Debtors, any effort by plaintiff or his estate to continue to prosecute this action would violate sections 524 and 1141(d) of the Bankruptcy Code. The claims that are the subject of this action are barred as a result of Northwest's discharge in bankruptcy and should be dismissed with prejudice.

DATED: November 17, 2008

**KENNEY & MARKOWITZ L.L.P**

By: /s/
KEN M. MARKOWITZ
KIMBERLY I. McINTYRE
Attorneys for Defendants
NORTHWEST AIRLINES, INC.,
ERRONEOUSLY SUED AND SERVED
AS NORTHWEST AIRLINES

For the reasons stated herein, this case is DISMISSED WITH PREJUDICE.

Dated: November 18, 2008

**DECLARATION OF ATTORNEY KIMBERLY I. MCINTYRE**

I, Kimberly I. McIntyre, declare as follows:

1. I am an attorney at law, duly licensed to practice before all of the state and federal district courts of the State of California, including this Court. I am a senior associate with the law offices of Kenney & Markowitz L.L.P., located at 255 California Street, Suite 1300, San Francisco, California, attorneys for defendant Northwest Airlines, Inc., erroneously sued and served as Northwest Airlines ("Northwest") in the above-referenced action filed by plaintiff *pro se* Julius Obidah ("plaintiff").

2. If called and sworn as a witness in this matter, I could and would competently testify to the facts set forth herein, all of which are within my personal knowledge.

3. As of November 14, 2008, my office had not heard from plaintiff in response to this Court ordering the parties to file a joint status statement by November 19, 2008. Accordingly, my office attempted to contact plaintiff at his last known telephone number, at which time we learned that the number had been disconnected. We then conducted an online search for plaintiff through Westlaw's People Finder. Our Westlaw search confirmed that plaintiff passed away on August 21, 2005, at the age of 40.

4. On Monday, November 17, 2008, I spoke to attorney Nathan Haynes of Cadwalader, Wickersham & Taft LLP, Northwest's bankruptcy attorneys. During the conversation, Mr. Haynes advised that plaintiff was listed as an unsecured creditor holding a contingent, unliquidated, and disputed claim, and, as such, was required to file a proof of claim in the bankruptcy proceeding on or before August 16, 2006. Mr. Haynes further advised that plaintiff did not file a proof of claim and that the claim which is the subject of this litigation was discharged in the bankruptcy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed within the United States on November 17, 2008.

/s/
KIMBERLY I. MCINTYRE

Kenney & Markowitz L.L.P.

{30170.301822 0135804.DOC}

-2-

NORTHWEST'S STATUS UPDATE
C05-01849 MEJ